IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

CATHERINE ALEXANDER,        *

    Plaintiff,         *

v.                        **Case No.: GJH-20-00617**

                       *

FEDEX GROUND PACKAGE SYSTEM,  *

    Defendant.        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Catherine Alexander brought this civil action as a *pro* se litigant seeking $1.2 million dollars in damages based on allegations that an employee of Defendant FedEx Ground Package System, Inc. ("FXG") negligently operated a commercial vehicle owned by Defendant and caused an automobile accident, which Plaintiff alleges caused her various serious injuries. Several motions are pending before the Court including Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 9, and Plaintiff's Motion for Leave to Amend, ECF No. 16.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion to Dismiss, ECF No. 9, is granted; and Plaintiff's Motion for Leave to Amend, ECF No. 16, is denied.

---

[1] Also pending before the Court is Plaintiff's Motion for Extension of Time to Answer or Respond, ECF No. 13, which the Court now grants.

## I.      BACKGROUND[2]

Plaintiff's proposed Amended Complaint, far from a model of clarity, appears to at least allege the following.

On the morning of March 3, 2017, Plaintiff, as a Ride-on passenger, boarded "The Bus #17," departing from Mt. Rainier, Maryland towards her destination of IKEA on Baltimore Avenue in College Park, Maryland. ECF No. 16-2 ¶ 2. While leaving IKEA, the bus was at a complete stop at a red light and, while waiting for the light to turn green, Plaintiff alleges that "FXG brutally collided with the bus violently tossing the Plaintiff unrestrain[ed] around on the Ride-on." *Id.* ¶ 3. The State of Maryland Motor Vehicle Crash Report stated that Defendant's vehicle struck the passenger side window of the bus with its driver's side mirror. *Id.* ¶ 50. During the collision, "the bus was being hauled up and came down with a violent crashing sound as if [it] was a bomb explosion," which caused Plaintiff "to scream and fear for the Plaintiff's life." *Id.* ¶ 4. At the same time, Plaintiff alleges that when the driver of the bus, Ms. Woods, inspected the bus after the collision, she "found minimal damages to her bus, including a shattered window." *Id.* ¶ 5. After a trooper from the Prince George's County Police Department arrived at the scene, Plaintiff alleges that he issued the driver of Defendant's vehicle a Citation Report finding that the driver was at fault for failing to drive within a single lane and for failing to be attentive. *Id.* ¶ 24–27. Plaintiff alleges that the bus "was not found at fault" on the police report, *id.* ¶ 49, and that "FXG was responsible and paid damages to repair the Bus." *Id.* ¶ 85.

On May 5, 2017, two months after the automobile accident, Plaintiff went to MedStar Washington Hospital Center for "persistent pain in the head, neck, shoulders, upper and lower

---

[2] Unless stated otherwise, all facts are taken from Plaintiff's proposed Amended Complaint, ECF No. 16-2, or documents attached to and relied upon in the proposed Amended Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, Inc., 637 F.3d 435, 440 (4th Cir. 2011).

back, legs, hips and other injuries" related to the March 3, 2017 accident. *Id.* ¶ 13. Plaintiff alleges that she delayed seeking medical treatment after the accident because she "thought it was the flu," *id.* ¶ 56, and "did not realize the extent of damages, and did not think it necessary to seek medical attention at the time, due to numbness and feeling discombobulated."[3] *Id.* ¶ 55. Plaintiff was diagnosed with a thoracic sprain and alleges that when her pain failed to dissipate, she returned to Washington Hospital Center on May 12, 2017. *Id.* ¶ 13. For example, Plaintiff alleges that her back felt "like it is shoved into the Plaintiff's chest and causes severe chest pains." *Id.* ¶ 57. Plaintiff pleads, at length, allegations regarding the medical treatment and testing she received, including radiological testing and orthopedic assessments. *Id.* ¶¶ 14–19, 33–39. And she alleges a wide variety of serious injuries stemming from the accident, and the fact that the bus seats were "hard, with no restraints," *id.* ¶ 48, including chronic pain, shoulder issues, thoracic sprain, an umbilical hernia, and an exacerbation of pre-existing injuries, among a litany of other injuries.[4] *Id.* ¶¶ 47, 60, 63, 77, 88, 92. Plaintiff alleges that, at the time of the accident, she "was around 58 years of age" and that "the injuries were still visible and severe." *id.* ¶ 51. Plaintiff seeks $1.2 million dollars in damages. *Id.* at 33.

Plaintiff filed a *pro se* Complaint on March 3, 2020, ECF No. 1, alleging "breach of duty of care" and "negligence," *id.* ¶¶ 40–100, which the Court understands to be a claim for

---

[3] Plaintiff also alleges that during this visit, the doctor "explained the normality of being in 'shock' for 8-10 weeks after an accident, and running on 'adrenaline[,]'" and that "he agreed when [she] explained about having the 'flu.'" ECF No. 16-2 ¶ 59.

[4] Though Plaintiff's claims with respect to her injuries shift throughout her 100-paragraph proposed Amended Complaint, she alleges, in full that, "[a]s a result of the traumatic force, injuries were sustained such as: chronic pain syndrome, thoracic sprain, osteitis of symphysis pubis, right superior rami fracture (direct blow traumatic force), radiculopathy, cervical region, radiculopathy lumbar, pain in thoracic spine, pelvic pain, left bilateral contusion of the hip, levoscoliosis, musculoskeletal, large osteophytes spurs, hypertrophy lower cervical spine, umbilical hernia, cervical strains, inflammation, cervicalgia, pain in the left hip, pain in right and left shoulder, possibly exacerbated pre-existing conditions, lower back pain and long term (current) use of opiate analgesic." ECF No. 16-2 ¶ 47.

negligence. She then filed a Motion for Leave to Proceed *In Forma Pauperis* on March 30, 2020,

ECF No. 4, which the Court granted on December 4, 2020, ECF No. 6. Defendant filed the now

pending Motion to Dismiss on March 11, 2021, ECF No. 9. Plaintiff filed a Motion for Extension

of Time to Respond on March 29, 2021, ECF No. 13. Plaintiff opposed the Motion to Dismiss on

April 19, 2021, ECF No. 14. One month later, on May 19, 2021, Plaintiff filed the additionally

pending Motion for Leave to Amend, ECF No. 16, which Defendant opposed on May 24, 2021,

ECF No. 17. Plaintiff replied on June 3, 2021, ECF No. 18.

## II.    STANDARD OF REVIEW

Leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ.

P. 15(a); however, a motion for leave to amend should be denied when the amendment would be

futile. *Devil's Advocate, LLC v. Zurich Amer. Ins. Co.*, 666 F. App'x 256, 267 (4th Cir. 2016).

An amendment to a complaint is futile when the amended complaint could not survive a motion

to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.*

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),

the Court "must accept the factual allegations of the complaint as true and construe them in the

light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891

F.3d 141, 145 (4th Cir. 2018). "When it appears on the face of the complaint that the limitation

period has run, a defendant may properly assert a limitations defense through a Rule 12(b)(6)

motion to dismiss." *See Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002),

*aff'd*, 92 F. Appx. 933 (4th Cir. 2004); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471,

474 (4th Cir.2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action

constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P.

12(b)(6), if the time bar is apparent on the face of the complaint.").

To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989).

The Court is mindful that Plaintiff is a self-represented litigant. Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. Appx. 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. Appx. 255 (4th Cir. 2013).

## III.   DISCUSSION

Defendant argues that Plaintiff's proposed Amended Complaint is futile because it fails to cure the deficiency Defendant identified in Plaintiff's original Complaint: that Plaintiff's

Complaint was filed after the expiration of the applicable statute of limitations period. ECF No. 17 at 2.

As a federal court exercising diversity jurisdiction, this Court must apply the law of the forum state.[5] In Maryland, negligence claims "are subject to the statute of limitations articulated in Section 5–101 of the Courts and Judicial Proceedings Article of the Maryland Code which requires that a claim must be filed within three years from the date the action accrues." *Lynch v. AHC Mgmt., LLC*, No. 20-cv-2111-GJH, 2020 WL 7351840, at *3 (D. Md. Dec. 14, 2020) (quoting *Litz v. Md. Dep't of Env't*, 434 Md. 623, 640 (2013). Moreover, in Maryland, a cause of action accrues "when the claimant in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (1981). The automobile accident occurred on March 3, 2017. ECF No. 16-2 ¶ 2. Thus, Plaintiff's negligence claims accrued on that date as Plaintiff knew or should have known of the wrong, the automobile accident, on that date, and any civil action should have been brought within three years of March 3, 2017. Plaintiff did not file her first Complaint until March 5, 2020, two days after the expiration of the statute of limitation. ECF No. 1.[6]

Plaintiff argues that (1) the D.C. Post Office lost her complaint and that she filed it "after hours" on March 4, 2020 and (2) she did not learn of her injuries until May 4th and 12th, 2017,

---

[5] Plaintiff's asserted basis for jurisdiction is diversity jurisdiction and federal jurisdiction, ECF No. 16-2 ¶ 103, which Defendant does not challenge. It appears that there is complete diversity between the parties as Plaintiff is a resident of North Carolina and Defendant, Pennsylvania, *id.* ¶¶ 1, 101–102, and the amount in controversy is $1.2 million dollars, *id.* at 33. *See* 28 U.S.C. § 1332.

With respect to federal question jurisdiction, Plaintiff specifies no constitutional provision or federal law violated by Defendant, nor is any suggested in the Complaint. Further, Defendant is not alleged to have been acting under the color of state law. Nonetheless, Plaintiff erroneously cites to, which the Court disregards, 28 U.S.C. § 139(b)(2), a statutory provision that does not exist, and 28 U.S.C. § 1787, which involves the payment of insurance with respect to a bankrupt federal credit union, as a basis for the Court's jurisdiction.

[6] A district court may "properly take judicial notice of its own records." *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990).

therefore her claims did not accrue until those dates under Maryland's "discovery rule." ECF No. 18 at 3. Both arguments fail. Plaintiff alleges that she "filed the original Complaint on March 4, 2020, after 4:00 p.m.," but that it was "inadvertently filed in the Criminal Box" by Plaintiff's nephew, and thereafter the Court stamped the Complaint on the following day. ECF No. 16-2 at 20–21. This argument does not save Plaintiff's claims because, even if Plaintiff filed the Complaint on March 4, 2017, that is one day past the three-year statute of limitations, which would still render Plaintiff's claims time barred, and "[s]tatutes of limitations are not mere technicalities. Rather, they 'have long been respected as fundamental to a well-ordered judicial system.'" *Hamilton v. 1st Source Bank*, 928 F.2d 86, 89 (4th Cir. 1990) (quoting *Board of Regents v. Tomanio*, 446 U.S. 478, 487 (1980)). Plaintiff also argues that she "intended for the Pleading to be filed February 28, 2020 and in good faith sent it," but "unfortunately, the package was lost by the mail carrier," ECF No. 16-2 at 20. In any event, "[h]aving a legal filing lost in the mail is not an 'extraordinary' circumstance as that term is understood in the context of equitable tolling." *Harris v. Dye*, No. 5:16CV208-FDW, 2017 WL 1237976, at *2 (W.D.N.C. Mar. 31, 2017). *See also Kissi v. United States*, No. 12-cv-1944-AW, 2012 WL 3156834, at *1 (D. Md. Aug. 2, 2012) (noting that plaintiff's "self-serving and unsubstantiated assertions concerning . . . lost transcripts fail to demonstrate diligent pursuit of rights or an extraordinary circumstance that prevented him from filing during the limitations period.").

Plaintiff's argument regarding the discovery rule likewise fails because "[u]nder the discovery rule, limitations begin to run when a claimant gains knowledge sufficient to put him or her on inquiry." *Green v. Pro Football, Inc.*, 31 F. Supp. 3d 714, 722 (D. Md. 2014) (citing *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 749 A.2d 796, 801 (2000)). "Being on inquiry notice 'means having knowledge of circumstances which would cause a reasonable

person in the position of the plaintiffs to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged [cause of action].'" *Id.* (quoting *Anne Arundel Cnty. v. Halle Dev., Inc.*, 408 Md. 539, 971 A.2d 214, 228 (2009) (citing *O'Hara v. Kovens*, 305 Md. 280, 503 A.2d 1313, 1323–24 (1986))). An individual in an automobile accident would clearly have actual knowledge to put her on inquiry from the time of the collision. *Lutheran Hosp. of Maryland v. Levy*, 482 A.2d 23, 28 (Md. Ct. Spec. App. 1984) ("the discovery rule serves the legislative policy that underlies the statute of limitations . . . and at the same time puts the discovery rule claimant on a par with the claimant who has actual knowledge at the time of the tort such as the normal automobile-accident plaintiff.").

Plaintiff cannot now use the discovery rule to extend the date of accrual of her claims to avoid the expiration of the statute of limitations when she possessed sufficient knowledge of potential injury at the time of the automobile accident. The accident occurred on March 3, 2017, *id.* ¶ 2, and Plaintiff filed her first Complaint on March 5, 2020, ECF No. 1, or two days after the expiration of Maryland's three-year statute of limitations. None of Plaintiff's arguments support the tolling of the statute of limitations beyond March 3, 2017. Although Plaintiff's claims must be liberally construed, such construction cannot save Plaintiff's time barred claims.

Accordingly, the claims alleged in Plaintiff's proposed Amended Complaint are futile, and she fails, as a matter of law, to state a claim upon which relief can be granted. The Court denies Plaintiff's Motion for Leave to Amend and grants Defendant's Motion to Dismiss with prejudice. *See Knickman v. Prince George's Cty.*, 187 F. Supp. 2d 559, 563-64 (D. Md. 2002) (granting defendant's Rule 12(b)(6) motion to dismiss because plaintiff's claim was barred by the applicable statute of limitations).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend, ECF No. 16, is denied, and Defendant's Motion to Dismiss, ECF No. 9, is granted with prejudice. A separate Order shall issue.

Date: <u>November 30, 2021</u>                                     <u>        /s/                                </u>
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge